UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M. S., a Minor, by and through his Parents and Natural Guardians, Michelle M.S. and D.S., husband and wife<br>12 Diana Drive<br>Plainville, Connecticut 06062 | CIVIL ACTION<br><br>NO. 08-2271 |
| vs. | |
| CEDAR BRIDGE MILITARY ACADEMY<br>1358 Hooper Avenue<br>PMB 300<br>Toms River, New Jersey 08753 | FILED<br>SCRANTON<br><br>DEC 19 2008<br><br>PER _____<br>DEPUTY CLERK |
| and | |
| FIRST SERGEANT STEVEN T. BARYLA<br>CEDAR BRIDGE MILITARY ACADEMY<br>1358 Hooper Avenue<br>PMB 300<br>Toms River, New Jersey 08753 | **JURY TRIAL DEMANDED** |

## CIVIL ACTION

1.  Plaintiffs Michelle M.S. and D.S., husband and wife, are the parents and natural guardians of minor Plaintiff M.S.

2.  Plaintiff, M.S., is a minor and sues by his parents and natural guardians Michelle M.S. and D.S., who reside with the minor plaintiff at 12 Diana Drive, Plainville, Connecticut 06062.

3.  All plaintiffs are citizens of the state of Connecticut and reside therein at 12 Diana Drive, Plainville, Connecticut.

4.  Defendant Cedar Bridge Military Academy (hereinafter, "Defendant Cedar

Bridge") is a faith-based organization with headquarters and admissions office at 1358 Hooper Avenue, PMB 300, Toms River, New Jersey 08753.

5. At all times material relevant hereto, First Sergeant Steven T. Baryla was an adult individual who was the director and employee of defendant, Cedar Bridge Military Academy's summer camp.

## JURISDICTION AND VENUE

6. Jurisdiction is invoked pursuant to 28 U.S.C. sec. 1332, based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

7. Venue is properly within the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. sec. 1391, since the site of the underlying negligence and the actions against minor plaintiff occurred primarily at Defendant Cedar Bridge Military Academy's Summer Camp, Dillsburg, York County, Pennsylvania, which is located in the Middle District.

## NATURE OF THE CASE

8. Plaintiffs bring this action against defendants for monetary damages for failure to properly hire, supervise, and retain properly trained counselors and employees; negligent entrustment; and intentional infliction of emotional distress.

9. The damages sought are in the nature of compensatory and punitive, and such other relief as the court or jury may deem proper.

## FACTUAL BACKGROUND

10. At all times relevant hereto Defendant Cedar Bridge maintained and ran a

two week residential teen summer camp in Dillsburg, Pennsylvania.

11. At all times relevant hereto Defendant Steven Baryla was the director of Defendant Cedar Bridge's summer camp.

12. All of the acts alleged to have been done or not to have been done by defendants were done or not done by the defendants, their agents, servants, workmen, and/or employees, staff or counselors acting within the scope of their employment and authority for and on behalf of said defendants.

13. At all times relevant hereto, per the defendant's website, Defendant Cedar Bridge held itself out as a "private, faith-based, youth-serving organization dedicated to providing young adults with an intense, rewarding experience through military and high adventure training".

14. At all times relevant hereto, per the defendant's website, "the mission of Defendant Cedar Bridge is to foster a love of Corps, Country and God by providing a vehicle for the application of leadership, strengthening character, teaching responsibility, improving self-discipline, developing an understanding of the role of our military in today's society, and building informed and productive citizens".

15. At all times relevant hereto, Defendant Cedar Bridge, by virtue of accepting minor plaintiff as a camper at their facility, had a special fiduciary relationship which included care, supervision, appropriate activities, guidance and counseling, as well as a safe haven for minor plaintiff.

16. On or about July 14, 2007 through July 28, 2007, minor plaintiff attended the Cedar Bridge Military Academy Summer Camp.

17. During the aforementioned period of time minor plaintiff was physically assaulted by camp employees, staff and counselors, verbally abused and threatened by camp employees, staff and counselors, made to eat his own vomit, threatened with having to clean up human feces with his hands, labeled "Puke Bucket" by staff and called that name by other campers and counselors and made to listen to sexually explicit "stories" told by camp employees and counselors and terrorized by camp employees or counselors.

18. The conduct of defendants towards minor plaintiff was deliberately malicious, as well as grossly and recklessly negligent and demonstrative of a reckless disregard for minor plaintiff's physical and mental health.

19. At all times relevant, defendants were aware of the conduct of their employees, staff and counselors and had knowledge of facts that created a high probability of injury to the minor plaintiff.

20. After the aforementioned camp session, minor plaintiff returned to his home and suffered the following injuries as a direct result of his experience at Defendant Cedar Bridge Academy's summer camp and the negligence of defendants: depression, anxiety, sleep disturbance, nightmares, post-traumatic stress disorder, visual and auditory hallucinations, and suicidal ideation. Plaintiff's self-esteem and ability to trust others has been substantially impaired.

21. Some or all of the aforementioned injuries may be permanent in nature.

22. As a result of the aforesaid injuries suffered by minor plaintiff, plaintiffs have incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

23. As a result of the aforesaid injuries, minor plaintiff's parents have been compelled to expend large sums of money for medicine and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, said expenses have or may exceed the sum recoverable under applicable law and they will be compelled to continue to expend such sums for the same purpose for an indefinite time in the future.

### COUNT I
### PLAINTIFFS V. DEFENDANTS
### NEGLIGENT HIRING, SUPERVISION AND RETENTION

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. At all times relevant hereto, minor plaintiff was physically and emotionally abused, as aforementioned, by staff at defendants' summer camp. Said abuse, and the failure to prevent said abuse, and the blatant acquiescence in said abuse constituted a breach of duty owed to the minor plaintiff by the defendants to supervise their employees, staff and counselors.

26. Defendants were negligent, and grossly negligent and reckless in hiring and accepting individuals as employees, staff and counselors, in that defendants

  a. failed to investigate their employees, staff and counselors general lack of fitness for child caring duties;

  b. failed to make sufficient inquiry of the moral character of their employees, staff and counselors, failed to inquire into the educational qualifications and previous experience of their employees, staff and counselors;

  c. negligently placed said employees, staff and counselors in positions which attested to their fitness and overall suitability to deal with children such as minor plaintiff;

  d. failed to subject their employees, staff and counselors to appropriate psychological screening and testing, and;

  e. failed to monitor said employees, staff and counselors on an on-going basis during the July 2007 camping season.

27. If defendants had conducted themselves as described herein, they would have known or should have known of the employees' unfitness to act as counselors or staff.

28. The negligence, gross negligence, carelessness and recklessness of the defendants as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages, interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

**COUNT II**
**PLAINTIFFS V. DEFENDANTS**
**NEGLIGENT ENTRUSTMENT**

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. The defendants knew or should have known of the abusive conduct of employees, staff and counselors towards the minor plaintiff.

31. The defendants participated in, acquiesced in, and failed to prevent,

intervene or mitigate the abusive conduct of their employees, staff and counselors toward the minor plaintiff.

32. The defendants failed to inform the minor plaintiff's parents of the abuse sustained by their child at the hands of defendants' employees, staff and counselors so that minor plaintiff's parents could remove their child from defendant's care and seek appropriate treatment sooner.

33. The negligence, gross negligence, carelessness and recklessness of the defendants as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages, interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

### COUNT III
### PLAINTIFFS V. DEFENDANTS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Paragraphs 1 through 33 are incorporated herein by reference.

35. Defendants, through their deliberate participation and/or acquiescence and lack of intervention, caused minor plaintiff to suffer the physical, verbal and emotional abuse of employees, staff and counselors, which resulted in the aforesaid injuries.

36. The defendants acted either intentionally or recklessly and knew or should have known that the physical and emotional violations perpetrated upon minor plaintiff by defendants' employees, staff and counselors would result in serious emotional distress to minor plaintiff, beyond what a normal person could be expected to endure.

37. The conduct of defendants towards minor plaintiff as alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

38. The negligence, gross negligence, carelessness and recklessness of the defendants as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory and punitive damages, interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

**STARK & STARK**
**A Professional Corporation**

By: *[signature]*
EDWARD S. SHENSKY
Attorney for Plaintiffs
ID No. 27891
P.O. Box 1500
Newtown, PA  18940
(267) 907-9600