# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| M. S., a Minor, by and through his Parents | : | CIVIL ACTION |
| and Natural Guardians, Michelle M.S. and | : | |
| D.S., husband and wife | : | |
| 12 Diana Drive | : | |
| Plainville, Connecticut 06062 | : | NO.  1:08-cv-2271 |
| | : | |
| vs. | : | |
| | : | |
| CEDAR BRIDGE MILITARY ACADEMY | : | |
| 1358 Hooper Avenue | : | |
| PMB 300 | : | |
| Toms River, New Jersey 08753 | : | |
| and | : | |
| FIRST SERGEANT STEVEN T. BARYLA | : | |
| CEDAR BRIDGE MILITARY ACADEMY | : | |
| 1358 Hooper Avenue | : | |
| PMB 300 | : | |
| Toms River, New Jersey 08753 | : | **JURY TRIAL DEMANDED** |
| and | : | |
| YORK-ADAMS COUNCIL BOY SCOUTS | : | |
| OF AMERICA | : | |
| 2139 White Street | : | |
| York, Pennsylvania 17404 | : | |
| and | : | |
| BOY SCOUTS OF AMERICA | : | |
| 1325 West Walnut Hill Lane | : | |
| Irving, Texas 75015 | : | |

---

## AMENDED CIVIL ACTION

1.     Plaintiffs Michelle M.S. and D.S., husband and wife, are the parents and natural guardians of minor Plaintiff M.S.

2.      Plaintiff, M.S., is a minor and sues by his parents and natural guardians Michelle M.S. and D.S., who reside with the minor plaintiff at 12 Diana Drive, Plainville, Connecticut 06062.

3.      All plaintiffs are citizens of the state of Connecticut and reside therein at 12 Diana Drive, Plainville, Connecticut.

4.      Defendant Cedar Bridge Military Academy (hereinafter, "Defendant Cedar Bridge") is a faith-based organization with headquarters and admissions office at 1358 Hooper Avenue, PMB 300, Toms River, New Jersey 08753.

5.      At all times material relevant hereto, First Sergeant Steven T. Baryla (hereinafter, "Defendant Baryla") was an adult individual who was the director and employee of defendant, Cedar Bridge Military Academy's summer camp.

6.      Upon information and belief, the York-Adams Council Boy Scouts of America is a non-profit organization, registered in Pennsylvania as a "county orphan" with an address of 2139 White Street, York, Pennsylvania, 17404.

7.      Upon information and belief the Boy Scouts of America is a non-profit organization with a national office located at 1325 West Walnut Hill Lane, Irving, Texas, 75015.

## JURISDICTION AND VENUE

8.      Jurisdiction is invoked pursuant to 28 U.S.C. sec. 1332, based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

9.      Venue is properly within the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. sec. 1391, since the site of the underlying negligence and the actions against minor plaintiff occurred primarily at Defendant Cedar Bridge's Military Academy's Summer Camp, Dillsburg, York County, Pennsylvania, which is located in the Middle District and is leased from Defendants York-Adams Council Boy Scouts of America and the Boy Scouts of America (hereinafter, jointly, "Defendant Boy Scouts")

## NATURE OF THE CASE

10.      Plaintiffs bring this action against defendants Cedar Bridge and Barlya for monetary damages for failure to properly hire, supervise, and retain properly trained counselors and employees; negligent entrustment; and intentional infliction of emotional distress.

11.      Plaintiffs bring this action against Defendant Boy Scouts for monetary damages for failing to inquire, review, evaluate or supervise the activities and treatment of campers by defendants Cedar Bridge and Baryla and for failing to insure that defendants Cedar Bridge and Baryla were insured pursuant to the Letter of Agreement Establishing Camp Use (hereinafter, "Letter of Agreement")  relevant to the camping season of July 7, 2009 through August 3, 2007.  A copy of the Letter of Agreement Establishing Camp Use is attached hereto and incorporated herein as Exhibit "A".

12.      The damages sought are in the nature of compensatory and punitive, and such other relief as the court or jury may deem proper.

## FACTUAL BACKGROUND

13.      At all times relevant hereto Defendant Cedar Bridge maintained and ran a four week residential teen summer camp in Dillsburg, Pennsylvania which was known as Camp Tuckahoe and owned by Defendant Boy Scouts.

14.    At all times relevant hereto Defendant Steven Baryla was the director of Defendant Cedar Bridge's summer camp.

15.    From July 7, 2007 through August 3, 2007, Defendant Boy Scouts leased the property known as "Camp Tuckahoe" to Defendants Cedar Bridge and Baryla for the purpose of running a four week residential summer camp.

16.    Pursuant to the Letter of Agreement, Defendant Boy Scouts required Defendants Cedar Bridge and Baryla to provide evidence of a Certificate of Liability Insurance with a minimum of $1,000,000 combined single limit with the Boy Scouts named as additional insureds, by June 1, 2007.

17.    Upon information and belief, no certificate of insurance was ever provided by Defendants Cedar Bridge and Baryla to Defendant Boy Scouts for the aforementioned camping period, and Defendants Cedar Bridge and Baryla were, in fact, uninsured for the relevant camping season.

18.    Pursuant to the Letter of Agreement, Defendant Boy Scouts required Defendants Cedar Bridge and Baryla to execute a Hold-Harmless Agreement for the July 7, 2007 - August 3, 2007 camping period.

19.    Upon information and belief no Hold-Harmless Agreement for the aforementioned time period was ever executed by Defendants Cedar Bridge and Baryla.

20.    All of the acts alleged to have been done or not to have been done by defendants were done or not done by the defendants, their agents, servants, workmen, and/or employees, staff or counselors acting within the scope of their employment and authority for and

on behalf of said defendants.

21.    At all times relevant hereto, per Defendant Cedar Bridge's website, Defendant Cedar Bridge held itself out as a "private, faith-based, youth-serving organization dedicated to providing young adults with an intense, rewarding experience through military and high adventure training".

22.    At all times relevant hereto, per the defendant Cedar Bridge's website, "the mission of Defendant Cedar Bridge is to foster a love of Corps, Country and God by providing a vehicle for the application of leadership, strengthening character, teaching responsibility, improving self-discipline, developing an understanding of the role of our military in today's society, and building informed and productive citizens".

23.    At all times relevant hereto, Defendant Cedar Bridge, by virtue of accepting minor plaintiff as a camper at their facility, had a special fiduciary relationship which included care, supervision, appropriate activities, guidance and counseling, as well as a safe haven for minor plaintiff.

24.    On or about July 14, 2007 through July 28, 2007, minor plaintiff attended the Cedar Bridge Military Academy Summer Camp.

25.    During the aforementioned period of time minor plaintiff was physically assaulted by camp employees, staff and counselors, verbally abused and threatened by camp employees, staff and counselors, made to eat his own vomit, threatened with having to clean up human feces with his hands, labeled "Puke Bucket" by staff and called that name by other campers and counselors and made to listen to sexually explicit "stories" told by camp employees

and counselors  and terrorized by camp employees or counselors.

26.    The conduct of defendants Cedar Bridge and Baryla, and their staff, towards minor plaintiff was deliberately malicious, as well as grossly and recklessly negligent and demonstrative of a reckless disregard for minor plaintiff's physical and mental health.

27.    At all times relevant, defendants Cedar Bridge and Baryla  were aware of the conduct of their employees, staff and counselors and had knowledge of facts that created a high probability of injury to the minor plaintiff.

28.    At all times relevant, defendant Boy Scouts, landlords in possession of the property, knew or should have known of the deleterious, malicious and harmful conduct as aforementioned, being perpetrated by Defendants Cedar Bridge and Baryla, and their staff, against minor plaintiff.

29.    After the aforementioned camp session, minor plaintiff returned to his home and suffered the following injuries as a direct result of his experience at Defendant Cedar Bridge Academy's summer camp and the negligence of defendants: depression, anxiety, sleep disturbance, nightmares, post-traumatic stress disorder, visual and auditory hallucinations, and suicidal ideation. Plaintiff's self-esteem and ability to trust others has been substantially impaired.

30.    Some or all of the aforementioned injuries may be permanent in nature.

31.    As a result of the aforesaid injuries suffered by minor plaintiff, plaintiffs have incurred and will continue to incur medical and psychiatric expenses in amounts yet to be determined.

32.     As a result of the aforesaid injuries, minor plaintiff's parents have been compelled to expend large sums of money for medicine and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, said expenses have or may exceed the sum recoverable under applicable law and they will be compelled to continue to expend such sums for the same purpose for an indefinite time in the future.

## COUNT I

## PLAINTIFFS V. DEFENDANTS CEDAR BRIDGE MILITARY ACADEMY AND STEVEN T. BARYLA

## NEGLIGENT HIRING, SUPERVISION AND RETENTION

33.     Paragraphs 1 through 32 are incorporated herein by reference.

34.     At all times relevant hereto, minor plaintiff was physically and emotionally abused, as aforementioned, by staff at defendants summer camp.  Said abuse, and the failure to prevent said abuse, and the blatant acquiescence in said abuse constituted a breach of duty owed to the minor plaintiff by the defendants Cedar Bridge and Baryla to supervise their employees, staff and counselors.

35.     Defendants Cedar Bridge and Baryla  were negligent, and grossly negligent and reckless in hiring and accepting individuals as employees, staff and counselors, in that defendants

        a.     failed to investigate their employees, staff and counselors general lack of fitness for child caring duties;

        b.     failed to make sufficient inquiry of the moral character of their employees, staff and counselors, failed to inquire into the

educational qualifications and previous experience of their

employees, staff and counselors;

c.      negligently placed said employees, staff and counselors in

positions which attested to their fitness and overall suitability to

deal with children such as minor plaintiff;

d.      failed to subject  their employees, staff and counselors to

appropriate psychological screening and testing, and;

e.      failed to monitor said employees, staff and counselors on an on-

going basis during the July 2007 camping season.

36.     If defendants Cedar Bridge and Baryla had conducted themselves as
described herein, they would have known or should have known of the employees' unfitness to
act as counselors or staff.

37.     The negligence, gross negligence, carelessness and recklessness of
defendants Cedar Bridge and Baryla as set forth above, was a proximate, direct and substantial
cause of the plaintiffs' injuries as set forth herein.

WHEREFORE, plaintiffs demand judgment against defendants Cedar Bridge
Military Academy and Steven T. Baryla for compensatory and punitive damages, interest, costs
of suit, attorney's fees and other such relief as the court or jury may deem proper.

## COUNT II

## PLAINTIFFS V. DEFENDANTS CEDAR BRIDGE MILITARY ACADEMY AND STEVEN T. BARYLA

## NEGLIGENT ENTRUSTMENT

38.     Paragraphs 1 through 37 are incorporated herein by reference.

39.     Defendants Cedar Bridge and Baryla knew or should have known of the abusive conduct of employees, staff and counselors towards the minor plaintiff.

40.     Defendants participated in, acquiesced in, and failed to prevent, intervene or mitigate the abusive conduct of their employees, staff and counselors toward the minor plaintiff.

41.     Defendants failed to inform the minor plaintiff's parents of the abuse sustained by their child at the hands of defendants' employees, staff and counselors so that minor plaintiff's parents could remove their child from defendant's care and seek appropriate treatment sooner.

42.     The negligence, gross negligence, carelessness and recklessness of defendants Cedar Bridge and Baryla as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein.

WHEREFORE,  plaintiffs demand judgment against defendants Cedar Bridge Military Academy and Steven T. Baryla for compensatory and punitive damages, interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

## COUNT III

### PLAINTIFFS V. DEFENDANTS CEDAR BRIDGE MILITARY ACADEMY AND STEVEN T. BARYLA

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     Defendants Cedar Bridge and Baryla, through their deliberate participation and/or acquiescence and lack of intervention, caused minor plaintiff to suffer the physical, verbal and emotional abuse of employees, staff and counselors, which resulted in the aforesaid injuries.

45.     Defendants acted either intentionally or recklessly and knew or should have known that the physical and emotional violations perpetrated upon minor plaintiff by defendants' employees, staff and counselors  would result in serious emotional distress to minor plaintiff, beyond what a normal person could be expected to endure.

46.     The conduct of defendants towards minor plaintiff as alleged herein exceeded all possible bounds of human decency and was outrageous and unacceptable in a civilized society.

47.     The negligence, gross negligence, carelessness and recklessness of Defendants Cedar Bridge and Baryla as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein.

WHEREFORE, plaintiffs demand judgment against Defendants Cedar Bridge Military Academy and Steven T. Baryla  for compensatory and punitive damages, interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

## COUNT IV

### PLAINTIFFS V. DEFENDANTS YORK-ADAMS COUNCIL
### BOY SCOUTS OF AMERICA AND THE BOY SCOUTS OF AMERICA

### NEGLIGENCE

48.     Paragraphs 1 through 47 are incorporated herein by reference.

49.     At all times relevant hereto, minor plaintiff was physically and emotionally abused, as aforementioned, by staff at Defendants Cedar Bridge and Baryla's summer camp.

50.     At all times relevant, Defendant Boy Scouts, landlords in possession of the property, knew or should have known of the deleterious, malicious and harmful conduct as aforementioned, perpetrated by Defendants Cedar Bridge and Baryla, and their staff, against minor plaintiff.

51.     Defendant Boy Scouts breached their duty to minor plaintiff and were negligent in failing to deter, prevent, stop or otherwise monitor, review or evaluate the actions of Defendants Cedar Bridge and Baryla which resulted in the harm as aforementioned to minor plaintiff.

52.     Defendant Boy Scouts were further negligent by failing to insure that Defendants Cedar Bridge and Baryla were covered by a policy of liability insurance, for the relevant camping season, as required in the Letter of Agreement.

53.     The negligence of Defendant Boy Scouts as set forth above, was a proximate, direct and substantial cause of the plaintiffs' injuries as set forth herein

WHEREFORE, plaintiffs demand judgment against Defendants York-Adams Council Boy Scouts of America and the Boy Scouts of America for compensatory damages,

interest, costs of suit, attorney's fees and other such relief as the court or jury may deem proper.

**STARK & STARK**
A Professional Corporation


By: _____
EDWARD S. SHENSKY
Attorney for Plaintiffs
ID No. 27891
P.O. Box 1500
Newtown, PA   18940
(267) 907-9600