GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS
By: Robert A. Lerman, Esquire #07490
110 S. Northern Way
York, PA 17403-3737
Attorney for Defendant, Boy Scouts of America

### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.S., a Minor, by and through his Parents and Natural | : | |
| Guardians, MICHELLE M.S. and D.S., | : | |
| Plaintiffs, | : | |
| vs. | : | No.:  1:08-CV-2271 |
| | : | |
| CEDAR BRIDGE MILITARY ACADEMY, FIRST | : | |
| SERGEANT STEVEN T. BARYLA, YORK-ADAMS | : | |
| COUNCIL BOY SCOUTS OF AMERICA and BOY | : | |
| SCOUTS OF AMERICA, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, BOY SCOUTS OF AMERICA, TO PLAINTIFFS' AMENDED CIVIL ACTION

AND NOW come Defendant, Boy Scouts of America, by its counsel Robert A. Lerman and Griffith, Strickler, Lerman, Solymos & Calkins and files the following Answer and Affirmative Defenses to Plaintiffs' Amended Civil Action as follows:

1.    Admitted upon information and belief.

2.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 2 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.

3.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 3 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.

4.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 4

of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.

5.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 5 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.

6.    The allegations set forth in Paragraph No. 6 of Plaintiffs' Amended Civil Action pertain to a Defendant other than Answering Defendant and no response is required on behalf of Answering Defendant.

7.    Denied as stated. On the contrary, the Boy Scouts of America is a federally chartered organization incorporated by an Act of Congress in 1916 with a principal place of business located at 1325 W. Walnut Hill Lane, Irving, Texas 75015-2079.

## JURISDICTION AND VENUE

8.    Denied. To the extent the allegations set forth in Paragraph No. 8 of Plaintiffs' Amended Civil Action constitute a conclusion of law, no response is required. To the extent a response is required, it is admitted that Plaintiff' Amended Civil Action purports to state a cause of action against Answering Defendant based upon diversity of citizenship and matter in controversy.

9.    Denied. To the extent the allegations set forth in Paragraph No. 9 constitute a conclusion of law, no response is required. To the extent a response is required, it is admitted that Plaintiffs' Amended Civil Action alleges that Minor Plaintiff sustained certain harm while attending the Cedar Bridge Military Summer Camp while on the premises of Camp Tuckahoe located in Dillsburg, York County, Pennsylvania and it is admitted that Dillsburg, York County, Pennsylvania is located within the geographical territory which constitutes the United States District Court for the Middle District of Pennsylvania. Upon information and belief, it is denied that Cedar Bridge

Military Academy leased the entirety of the physical premises of which Camp Tuckahoe is comprised from York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America). On the contrary, it is averred, upon information and belief, that Cedar Bridge Military Academy leased a portion of the physical premises which constitutes Camp Tuckahoe from York-Adams Area Council, Inc. It is denied that Defendant, Boy Scouts of America, owned any portion of the subject premises and it is denied that Defendant, Boy Scouts of America, leased any portion of the subject premises to Defendant, Cedar Bridge Military Academy.

## NATURE OF THE CASE

10.     Admitted but qualified to state that the allegations of Paragraph No. 10 of Plaintiffs' Amended Civil Action generally summarize the allegations of Plaintiffs' Amended Civil Action against Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla.

11.     Admitted in part and denied in part. It is admitted but qualified to state that Plaintiffs have filed a civil action against York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Boy Scouts of America. The remaining allegations of Paragraph No. 11 do not pertain to Answering Defendant and no response is required on behalf of Answering Defendant. To the extent a response is required, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and same are denied and strict proof thereof demanded.

12.     Admitted in part and denied in part. It is admitted that the damages sought in Plaintiffs' Amended Civil Action against York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Boy Scouts of America are in the nature of compensatory damages only and it is denied that Plaintiffs' Amended Civil Action seeks damages

from York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Boy Scouts of America of a punitive nature. It is admitted that the damages sought by Plaintiffs against Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, are in the nature of both compensatory and punitive damages.

## FACTUAL BACKGROUND

13.     Denied. It is denied that Defendant, Boy Scouts of America, in any way owned or operated any portion of Camp Tuckahoe and strict proof thereof is demanded. The remaining allegations of Paragraph No. 13 of Plaintiffs' Amended Civil Action are denied in that after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and same are denied and strict proof thereof demanded.

14.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 14 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.

15.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 15 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded. By way of further answer, Answering Defendant avers that it did not own or operate any portion of Camp Tuckahoe and had no relationship, contractual or otherwise, with Cedar Bridge Military Academy or Stephen T. Baryla and strict proof thereof is demanded.

16.     Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 16 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded. By way of further answer,

Answering Defendant avers that it did not own or operate any portion of Camp Tuckahoe and had no relationship, contractual or otherwise, with Cedar Bridge Military Academy or Stephen T. Baryla and strict proof thereof is demanded.

17.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 17 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.  By way of further answer, Answering Defendant avers that it did not own or operate any portion of Camp Tuckahoe and had no relationship, contractual or otherwise, with Cedar Bridge Military Academy or Stephen T. Baryla and strict proof thereof is demanded.

18.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 18 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.  By way of further answer, Answering Defendant avers that it did not own or operate any portion of Camp Tuckahoe and had no relationship, contractual or otherwise, with Cedar Bridge Military Academy or Stephen T. Baryla and strict proof thereof is demanded.

19.    Denied.  Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 19 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof demanded.  By way of further answer, Answering Defendant avers that it did not own or operate any portion of Camp Tuckahoe and had no relationship, contractual or otherwise, with Cedar Bridge Military Academy or Stephen T. Baryla and strict proof thereof is demanded.

20.     Denied as stated.  At all times relevant, Answering Defendant acted by and through only their authorized agents, servants, workmen and/or employees.  By way of further response, it is specifically denied that Cedar Bridge Military Academy and Steven T. Baryla and/or their agents, servants, workmen and/or employees, staff or counselors acted, at any time, as an agent, principal, employee, representative, workman, staff or counselor of Boy Scouts of America.

21.     The allegations set forth in Paragraph No. 21 pertain to a Defendant other than Answering Defendant and no response is required on behalf of Answering Defendant.

22.     The allegations set forth in Paragraph No. 22 pertain to a Defendant other than Answering Defendant and no response is required on behalf of Answering Defendant.

23.     The allegations set forth in Paragraph No. 23 pertain to a Defendant other than Answering Defendant and no response is required on behalf of Answering Defendant.

24.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 24 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded.

25.     Denied.  To the extent the allegations set forth in Paragraph No. 25 allege or infer, directly or indirectly, that Minor Plaintiff was physically assaulted by employees, staff, counselors, agents, servants, representatives, employees or workmen of Boy Scouts of America, said allegations are specifically denied and strict proof thereof demanded.  To the extent the allegations set forth in Paragraph No. 25 of Plaintiffs' Amended Civil Action are directed to employees, staff, counselors or representatives of Cedar Bridge Military Academy or Steven T. Baryla, as Answering Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations as alleged.

26.    The allegations set forth in Paragraph No. 26 pertain to Defendants other than Answering Defendant and no response is required on behalf of Answering Defendant.

27.    The allegations set forth in Paragraph No. 27 pertain to Defendants other than Answering Defendant and no response is required on behalf of Answering Defendant.

28.    Denied.  To the extent the allegations set forth in Paragraph No. 28 constitute a conclusion of law, no response is required.  To the extent a response is required, it is denied that Answering Defendant knew or should have known of the alleged deleterious, malicious and harmful conduct as described in Plaintiffs' Amended Civil Action being allegedly perpetrated by Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, and their staff against Minor Plaintiff and strict proof thereof is hereby demanded.

29.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 29 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded.

30.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 30 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded.

31.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 31 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded.

32.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 32 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded.

## COUNT I

### PLAINTIFFS V. DEFENDANTS, CEDAR BRIDGE MILITARY ACADEMY AND FIRST SERGEANT STEVEN T. BARYLA

#### <u>Negligent Hiring, Supervision and Retention</u>

33 - 37. The allegations set forth in Paragraph Nos. 33, 34, 35, 36 and 37 pertain to Defendants other than Answering Defendant and no response is required on behalf of Answering Defendant.

WHEREFORE, Answering Defendant, Boy Scouts of America, demands judgment in its favor and against the Plaintiffs, together with costs of suit and requests this Honorable Court grant such other and further relief as this Honorable Court deems just and proper.

## COUNT II

### PLAINTIFFS V. DEFENDANTS, CEDAR BRIDGE MILITARY ACADEMY AND FIRST SERGEANT STEVEN T. BARYLA

#### <u>Negligent Entrustment</u>

38 – 42. The allegations set forth in Paragraph Nos. 38, 39, 40, 41 and 42 pertain to Defendants other than Answering Defendant and no response is required on behalf of Answering Defendant.

WHEREFORE, Answering Defendant, Boy Scouts of America, demands judgment in its favor and against the Plaintiffs, together with costs of suit and requests this Honorable Court grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III

## PLAINTIFFS V. DEFENDANTS, CEDAR BRIDGE MILITARY ACADEMY AND FIRST SERGEANT STEVEN T. BARYLA

### Intentional Infliction of Emotional Distress

43 - 47. The allegations set forth in Paragraph Nos. 43, 44, 45, 46 and 47 pertain to Defendants other than Answering Defendant and no response is required on behalf of Answering Defendant.

WHEREFORE, Answering Defendant, Boy Scouts of America, demands judgment in its favor and against the Plaintiffs, together with costs of suit and requests this Honorable Court grant such other and further relief as this Honorable Court deems just and proper.

## COUNT IV

## PLAINTIFFS V. DEFENDANT, BOY SCOUTS OF AMERICA

### Negligence

48.    Defendant, Boy Scouts of America, incorporates herein by reference, as if fully set forth at length, its Answers to Paragraph Nos. 1 - 47 inclusive, as set forth hereinabove.

49.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph No. 49 of Plaintiffs' Amended Civil Action and same are denied and strict proof thereof is demanded. By way of further response, it is averred that in the event it is determined that Minor Plaintiff was physically and emotionally abused as described in Plaintiffs' Amended Civil Action by individuals or representatives employed by or affiliated with Cedar Bridge Military Academy and/or Steven T. Baryla, it is denied that Answering Defendant either knew or should have known of the alleged

9

physical and emotional abuse such that Answering Defendant cannot be held liable therefor and it is averred that Plaintiffs' sole remedy lies against Cedar Bridge Military Academy and Steven T. Baryla. By way of further answer, it is averred that to the extent it is determined that any duty was owed by Answering Defendant to Plaintiffs, said duty was fulfilled as required by law and strict proof to the contrary is hereby demanded.

50.    Denied. To the extent the allegations set forth in Paragraph No. 50 constitute a conclusion of law, no response is required. To the extent a response is required, it is denied that Answering Defendant knew or should have known of the alleged deleterious, malicious and harmful conduct as described in Plaintiffs' Amended Civil Action being allegedly perpetrated by Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, and their staff against Minor Plaintiff and strict proof thereof is hereby demanded.

51.    Denied. It is denied that Answering Defendant owed any duty to Minor Plaintiff and it is further denied that Answering Defendant breached any duty to Minor Plaintiff determined to be owed. It is further denied that Answering Defendant was negligent in failing to deter, prevent, stop or otherwise monitor, review or evaluate the actions of Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, which resulted in the harm as aforementioned to Minor Plaintiff as alleged. By way of further answer, it is averred that to the extent it is determined that any duty was owed by Answering Defendant to Plaintiffs, said duty was fulfilled as required by law and strict proof to the contrary is hereby demanded.

52.    Denied. It is denied that Answering Defendant was further negligent by failing to ensure that Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, were covered by a policy of liability insurance, for the relevant camping season, as required in the Letter

of Agreement. By way of further answer, it is averred that the requirement to carry liability insurance pursuant to the Letter of Agreement was for the benefit of Answering Defendant and not Plaintiffs.

53.     Denied. To the extent the allegations set forth in Paragraph No. 53 constitute a conclusion of law, no response is required. To the extant a response is required, it is averred that Answering Defendant did not owe a duty to Plaintiffs nor did Answering Defendant breach such duty nor was Answering Defendant in any way negligent as described in Plaintiffs' Amended Civil Action and Plaintiffs' sole remedy lies against Cedar Bridge Military Academy and Steven T. Baryla, whose conduct, acts and omissions were the proximate, direct, substantial, factual and sole cause of the injuries and damages Plaintiffs' claim.

WHEREFORE, Answering Defendant, Boy Scouts of America, demands judgment in its favor and against the Plaintiffs, together with costs of suit and requests this Honorable Court grant such other and further relief as this Honorable Court deems just and proper.

By way of further Answer, Answering Defendant, Boy Scouts of America, asserts the following:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

54.     Plaintiffs' Amended Civil Action fails to state a cause of action against Answering Defendant, Boy Scouts of America, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

55.     No acts, omissions or conduct on the part of Answering Defendant, Boy Scouts of America, caused or contributed to the injuries and damages Plaintiffs allege.

## THIRD AFFIRMATIVE DEFENSE

56.    Plaintiffs' Amended Civil Action may be barred by any applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

57.    Plaintiffs' injuries and damages, if any, were caused solely and directly as the result of acts or omissions of individual or entities other than Answering Defendant over whom Answering Defendant had no responsibility or control.

## FIFTH AFFIRMATIVE DEFENSE

58.    Plaintiffs' alleged injuries and damages, if any, were caused as the result of acts or omissions of Cedar Bridge Military Academy and/or Steven T. Baryla over whom Answering Defendant had no responsibility or control.

## SIXTH AFFIRMATIVE DEFENSE

59.    Plaintiffs' alleged injuries and damages, if any, were caused as the result of the alleged intentional acts, malicious acts, gross negligence and/or in reckless disregard for the Minor Plaintiff by Cedar Bridge Military Academy and/or Steven T. Baryla over whom Answering Defendant had no responsibility or control and for whose alleged intentional, malicious, grossly negligent or recklessly negligent acts Answering Defendant cannot be held accountable or liable.

## SEVENTH AFFIRMATIVE DEFENSE

60.    Plaintiffs' claims may be barred by application of the Pennsylvania Comparative Negligence Act (42 Pa. C.S.A. §7102).

## EIGHTH AFFIRMATIVE DEFENSE

61.    Plaintiffs may have failed to mitigate their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

62.     No duty was owed by Answering Defendant to Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

63.     Upon information and belief, York-Adams Area Council, Inc. was the titled owner of the premises known as Camp Tuckahoe and leased only a portion of said premises of Camp Tuckahoe to Cedar Bridge Military Academy and Stephen T. Baryla and neither York-Adams Area Council, Inc. nor Answering Defendant had any legal duty or responsibility to Plaintiffs to supervise, oversee, direct or in any way investigate the activities of Cedar Bridge Military Academy and/or Stephen T. Baryla.

## ELEVENTH AFFIRMATIVE DEFENSE

64.     At no relevant time did Answering Defendant, Boy Scouts of America, undertake any duties to supervise, oversee, direct or in any way investigate the activities of Cedar Bridge Military Academy and/or Stephen T. Baryla.

## TWELTH AFFIRMATIVE DEFENSE

65.     At no relevant time did Defendant, Boy Scouts of America, own, operate, possess or control the real property and the improvements thereon known as Camp Tuckahoe.

## THIRTEENTH AFFIRMATIVE DEFENSE

66.     At no relevant time did Answering Defendant, Boy Scouts of America have a legal duty or responsibility to Plaintiffs to supervise, oversee, direct or in any way investigate the activities of Cedar Bridge Military Academy and/or Stephen T. Baryla.

## FOURTEENTH AFFIRMATIVE DEFENSE

67.     At no relevant time did Boy Scouts of America undertake any duties to supervise,

13

oversee, direct or in any way investigate the activities of Cedar Bridge Military Academy and/or Stephen T. Baryla.

FIFTEENTH AFFIRMATIVE DEFENSE

68.     At all times relevant, Answering Defendant, Boy Scouts of America, acted carefully, lawfully, properly and prudently fulfilling any duty determined to be owed under the law and at all times acting reasonably and with due care and diligence under the circumstances.

SIXTEENTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' injuries and damages, if any, were caused solely and directly as a result of alleged intentional and/or illegal conduct on the part of Cedar Bridge Military Academy and Steven T. Baryla.

SEVENTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiffs have failed to establish that they suffered any injury or damage as a direct or indirect result of any acts or omissions on the part of Answering Defendant.

EIGHTEENTH AFFIRMATIVE DEFENSE

71.     Answering Defendant's conduct was, at all times relevant, careful, lawful, reasonable, prudent and proper under the circumstances.

NINETEENTH AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims may be barred by the doctrines of waiver release and/or immunity from suit.

TWENTIETH AFFIRMATIVE DEFENSE

73.     Plaintiffs' claims against Answering Defendant for compensatory damages and attorneys' fees are without factual and legal foundation and merit and should be stricken.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

74. Any contractual duties owed by Answering Defendant were fully performed and fulfilled.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

75. Plaintiffs' action may be barred by the Statute of Frauds.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

76. Plaintiffs' action may be barred by the Doctrine of Estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

77. Plaintiffs' action may be barred by the Doctrine of Laches.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

78. Plaintiffs' action may be barred by the Doctrine of Unclean Hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

79. Upon information and belief, there is no privy of any contract as between York-Adams Area Council, Inc. and Plaintiffs by virtue of the Letter of Agreement or Hold-Harmless Agreement executed between York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Cedar Bridge Military Academy and Stephen T. Baryla.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiffs are not third-party beneficiaries under any contract between York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Cedar Bridge Military Academy and Stephen T. Baryla including but not limited to the Letter of Agreement and/or Hold-Harmless Agreement between York York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Cedar Bridge Military

Academy and Stephen T. Baryla.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

81.     Minor Plaintiff's parents had a duty to inquire, review, evaluate and/or investigate the Cedar Bridge Military Academy and/or Stephen T. Baryla prior to enrolling Minor Plaintiff in the four week residential teen summer camp operated by Defendants, Cedar Bridge Military Academy and Stephen T. Baryla, and to the extent the allegations set forth in Plaintiffs' Amended Civil Action and in particular Paragraph Nos. 25, 26 and 27 are true, Plaintiffs, Michelle M.S. and D.S., breached their duty by failing to do so.

WHEREFORE, Answering Defendant, Boy Scouts of America demands judgment in its favor and against the Plaintiffs, together with costs of suit and requests this Honorable Court grant such other and further relief as this Honorable Court deems just and proper.

<strong>CROSS-CLAIM</strong>

<strong>COUNT ONE – COMMON LAW CONTRIBUTION AND INDEMNITY</strong>

<strong>BOY SCOUTS OF AMERICA V. CEDAR BRIDGE MILITARY ACADEMY AND FIRST SERGEANT STEVEN T. BARYLA</strong>

82.     In the event of a finding of liability against Answering Defendant, Boy Scouts of America, which liability is denied, Answering Defendant hereby asserts any and all claims which it may have against Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, for common law contribution and indemnification and it is alleged that Cedar Bridge Military Academy and First Sergeant Steven T. Baryla are solely liable to the Plaintiffs, liable over to Answering Defendant, Boy Scouts of America, and/or jointly and severally liable to Plaintiffs.

83.     Answering Defendant, Boy Scouts of America, has a common law right to

16

contribution and indemnity from Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, upon the cause of action alleged in Plaintiffs' Amended Civil Action in an amount to be determined by law.

WHEREFORE, Answering Defendant, Boy Scouts of America, requests judgment in its favor and against Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, for contribution and indemnity on the claims and causes of action alleged by Plaintiffs in their Amended Civil Action, together with costs of suit.

## CROSS-CLAIM

## COUNT TWO – CONTRACTUAL INDEMNITY

## BOY SCOUTS OF AMERICA V. CEDAR BRIDGE MILITARY ACADEMY AND FIRST SERGEANT STEVEN T. BARYLA

84.     Attached hereto and marked **Exhibit 1**, made a part hereof and incorporated herein by reference is a true and correct copy of the Letter of Agreement establishing camp use between York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Cedar Bridge Military Academy for the relevant period in question.

85.     Attached hereto and marked **Exhibit 2**, made a part hereof and incorporated herein by reference is a true and correct copy of the Hold-Harmless Agreement between York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and Cedar Bridge Military Academy and Stephen T. Baryla for the relevant period in question.

86.     Pursuant to the Letter of Agreement establishing camp use (Exhibit 1) and the Hold-Harmless Agreement (Exhibit 2), Defendants, Cedar Bridge Military Academy and Stephen T. Baryla, agreed to obtain liability insurance with coverage of a minimum of $1 million combined

17

single limit naming York-Adams Area Council, Inc., Boy Scouts of America and the National

Council, Boy Scouts of America, as additional insureds by June 1, 2007, to cover the period of time

that Cedar Bridge Military Academy and Stephen T. Baryla leased a portion of Camp Tuckahoe; *i.e.,*

from July 7, 2007, through August 3, 2007.

87.    Cedar Bridge Military Academy and Stephen T. Baryla breached its contract (Letter

of Agreement establishing camp use – Exhibit 1) by failing to procure the required liability insurance

naming York-Adams Area Council, Inc., Boy Scouts of America and the National Council Boy

Scouts of America as additional insureds.

88.    Cedar Bridge Military Academy and Stephen T. Baryla are contractually required to

indemnify, hold free and harmless, assume liability for and defend York-Adams Area Council, Inc.

(erroneously identified as York-Adams Council Boy Scouts of America) and the National Council

Boy Scouts of America, their chartered affiliates, agents, servants, employees, officers and directors,

from any and all claims, liability, costs and expenses, and including but not limited to attorneys' fees,

reasonable investigative and discovery costs, court costs and any sums Answering Defendant may

pay or become obligated to pay as a result of Plaintiffs' Amended Civil Action pursuant to the

contractual terms of the Hold-Harmless Agreement (Exhibit 2).

89.    In the event of a finding of any liability against York-Adams Area Council, Inc.

(erroneously identified as York-Adams Council Boy Scouts of America) and/or the National Council

Boy Scouts of America, which liability is denied, said Answering Defendant asserts any and all

claims, contractual or common law, it may have against Defendants, Cedar Bridge Military Academy

and Stephen T. Baryla, for breach of the Letter of Agreement establishing camp use (Exhibit 1) and

pursuant to the Hold-Harmless Agreement (Exhibit 2) as well as for common law claims of

contribution and/or indemnification as permitted under Pennsylvania law.

90.    In the event of a finding of liability against York-Adams Area Council, Inc. (erroneously identified as York-Adams Council Boy Scouts of America) and/or the National Council Boy Scouts of America, which liability is denied, Answering Defendant hereby asserts any and all claims which it may have against Defendants, Cedar Bridge Military Academy and Stephen T. Baryla, inasmuch as Cedar Bridge Military Academy and Stephen T. Baryla are solely liable to the Plaintiffs, liable over to Answering Defendant and/or jointly or severally liable to the Plaintiffs.

WHEREFORE, Answering Defendant, Boy Scouts of America, requests judgment in its favor and against Defendants, Cedar Bridge Military Academy and First Sergeant Steven T. Baryla, for contractual indemnity and/or for common law contribution and indemnity on the claims and causes of action alleged by Plaintiffs in their Amended Civil Action, together with costs of suit.

GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS

BY: _____
Robert A. Lerman, Esquire #07490
Attorney for Defendants, Boy Scouts of America
110 South Northern Way
Dated: March 31, 2010          York, PA 17402-3737          (717) 757-7602

19

EXHIBIT

1

ALL-STATE LEGAL®

*L.*

*2007*

YORK-ADAMS AREA COUNCIL
BOY SCOUTS OF AMERICA

RECEIVED

JAN 22 2007

YORK ADAMS AREA
COUNCIL #544

2139 WHITE STREET
YORK, PA  17404-4940

## LETTER OF AGREEMENT ESTABLISHING CAMP USE

This letter of agreement is for the purpose of establishing the use of Camp Tuckahoe, by Cedar Bridge Military Academy (hereafter called "the group").

1.  "The group" is to have use of the following facilities:  Maple Lodge, Fort Lodge, Castle Lodge, and Cub World Pavilion for all meals.   It is further understood that all other camp facilities will be at option of the Camp Director.
      From    July 7, 2007, beginning at 9:00 am, until August 3, 2007 ending at 9pm

2.  The York-Adams Area Council requires the following documents and the group agrees to provide the York-Adams Area Council with the following documents in advance of the scheduled use:

    a.    A **Certificate of Liability Insurance** with a minimum of $1,000,000 Combined Single Limit with the York-Adams Area Council, Boy Scouts of America, and the National Council, Boy Scouts of America, **named as additional insured by June 1, 2007.**

    b.    Return of the **Hold-Harmless Agreement** attached to this agreement.

    c.    A **Roster** showing the names of all youth and adults participating in this activity due at check-in.

    d.    Copies of **Certifications of training** of Waterfront and Field shooting Sports Staff, if those facilities are to be used.

    e.    Provide a detailed copy of program schedule activities.  It is understood that all activities are subject to the approval of the Camp Director

3.  Terms:  It is understood and agreed to by both parties that the fees for Camp Tuckahoe to provide facilities and food is $150.00 per person per week.  If additional participants meals and lodging is provided.  It is understood that Cedar Bridge will guarantee and be responsible to pay for a minimum total of 240 camper weeks x $ 150.00 = $36,000.00 minimum guarantee payment to York-Adams Area Council, BSA.

                    Example Projected Campers per week
                        Week 1 and 4 = 20 campers per week
                        Week 2 and 3 = 100 campers per week
                Total 240 Camper weeks x $150.00 = $36, 000.00

Meals provided by the camp will start each week with Sunday Supper and end with Saturday Continental Breakfast.  All  meals will be placed in steams pan, and served with disposable products.  It is understood Cedar Bridge is responsible for the operation of there own dinning operation including, setup , pick up of meals at Dining Hall , serving of food , empty trash  and return steam pans to Dining Hall for all their meals. It is understood that Cedar Bridge will be responsible for all meals service from Saturday lunch to Sunday Supper.

4.  It is understood and agreed to by both parties that a non refundable camp payment of $ 3,000.00  is required to be paid when this agreement is signed and returned.  A second payment non refundable camp payment of $10,000.00 is due on June 1, 2007 and the balance is due at check in July 7, 2007.

5.  It is understood and agreed to by both parties that "the group" shall be responsible for any and all damages to camp property which may be reasonably attributed to the actions of the group and that the group agrees to promptly pay any and all reasonable damage claims when presented and will be subtracted from the

security deposit. The groups must maintain a security deposit of $1,000 that will be retuned at the end of the contract period minus any damages or cleaning charges.

6.  It is understood and agreed to by both parties that no alcoholic beverages or illegal drugs of any kind are permitted on the premises.

7.  It is understood and agreed to by both parties that the group will provide at least two (2) adult leaders (defined as 21 years of age or older for purposes herein) with a least one adult for every ten (10) members in camp below the age of 21 years; that at least two of the said adult leaders must be present with the group at all times while the group remains on YAAC property. Coed leadership is required for coed groups.

8.  It is understood and agreed to by both parties that the group will abide by any and all of the camp operating rules and, laws of the Commonwealth of Pennsylvania and of the Federal Government as they may apply. It is further understood that directions and instructions given by the Camp Director or any other employee of the York-Adams Area Council will be obeyed.

9.  It is further understood and agreed to by both parties that should the group fail to provide proper leadership or fail to abide by the rules and regulations or directions of the employees of the York-Adams Area Council, the group will cause the immediate termination of this agreement and be required to vacate the property forfeiting any and all fees agreed to herein.

10.  It is understood that all vehicle traffic will be very limited and all vehicles brought into the camp must be approved by the Camp Director. Camp Tuckahoe is not responsible for any medical needs of Cedar Bridge program.

Cedar Bridge Military Academy                         York-Adams Area Council, BSA

Steven T. Baryla _____               Todd A Weidner _____
By (Printed Name)                                    By

_____               _____
Signature Line                                       Signature Line

President/Founder _____               Program  Director _____
Title                                                Title

12/12/2006 _____                       _____
Date                                                 Date

EXHIBIT

2

**YORK-ADAMS AREA COUNCIL**                    **BOY SCOUTS OF AMERICA**

## HOLD-HARMLESS AGREEMENT

The Cedar Bridge Academy shall indemnify, hold free and harmless, assume liability for, and defend the Boy Scouts of America, its chartered affiliates, agents, servants, employees, officers, and directors from any and all costs and expenses including but not limited to, attorneys' fees, reasonable investigative and discovery costs, court costs, and other sums which the Boy Scouts of America, its chartered affiliates, agents, servants, employees, officers, and directors may pay or become obligated to pay on account of any, all and every demand for claim or assertion of liability, or any claim or action founded thereon, arising or alleged to have arisen out of __Cedar Bridge Academy use of real or personal property belonging to the Boy Scouts of America, its charted affiliates, agents, servants, employees, officers, and directors, or by any action or omission by Cedar Bridge Academy , its members, agents, servants, employees, officers, or directors.

Property and period to be used: Camp Tuckahoe from _____July 9, 2006_____, until ___July 29, 2006_____.

Cedar Bridge Military Academy

Steven T. Baryla _____

_____
Signature Line

President/Founder _____
Title

12/12/2006 _____
Date

Rev. November 4, 2005

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M.S., a Minor, by and through his Parents and Natural          :
Guardians, MICHELLE M.S. and D.S.,                             :
               Plaintiffs,                                    :
      vs.                                                    :          No.: 1:08-CV-2271
                                             :
CEDAR BRIDGE MILITARY ACADEMY, FIRST          :
SERGEANT STEVEN T. BARYLA, YORK-ADAMS         :
COUNCIL BOY SCOUTS OF AMERICA and BOY         :
SCOUTS OF AMERICA,                                            :
               Defendants.                                    :          JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

      AND NOW, this 31st day of March, 2010, I, Robert A. Lerman, a member of the firm of GRIFFITH, STRICKLER, LERMAN, SOLYMOS & CALKINS, hereby certify that I have this date served a copy of the **Answer and Affirmative Defenses of Defendant, Boy Scouts of America, to Plaintiffs' Amended Civil Action** by United States Mail, addressed to the party or attorney of record as follows:

Edward Shensky, Esquire
Stark & Stark
P.O. Box 1500
Newton, PA 18940-0894
Counsel for Plaintiffs

James V. Pyrah, Esquire
Pyrah Stevens LLC
575 Pierce Street, Suite 303
Kingston, PA 18704-5498
Counsel for Plaintiffs/Counterclaim
   Defendants

David T. Schlendorf, Esquire
1108 Hopper Avenue, Unit 2
Toms River, NJ 08753
Counsel for Defendants, Cedar Bridge
  Military Academy and First Sergeant
  Steven T. Baryla

                    GRIFFITH, STRICKLER, LERMAN, SOLYMOS &
                    CALKINS

BY:    _____
              Robert A. Lerman, Esquire #07490
              Attorney for Defendant, Boy Scouts of America
              110 South Northern Way
klr/boyscoutms-anm-bsa      York, PA 17402-3737      (717) 757-7602